[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12049
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00081-TJC-JBT

MICHAEL ANTWON HOWARD,

Plaintiff-Appellant,

versus

JACQUEZ MEMNON,
Correctional Officer, Union Correctional Institution,
JAMES JOHNS,
Classification Officer, Union Correctional Institution,
JOSEPH ALLEN,
Lieutenant Officer, Union Correctional Institution,
SGT. CROSBY,
Correctional Officer, Union Correctional Institution,
LT. NEWELL,
Correctional Officer, Union Correctional Institution, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 15, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Michael Howard, a state prisoner proceeding pro se, appeals the district court's grant of summary judgment in favor of several prison officials, and its dismissal of his remaining claims against prison officials as frivolous, in his 42 U.S.C. § 1983 civil rights action alleging violations under the Eighth and Fourteenth Amendments. On appeal, Howard argues that the district court erred in: (1) granting summary judgment in favor of Lieutenant Robert Newell and Sergeant Anthony Crosby concerning Howard's claim of excessive use of force in connection with a cell extraction; (2) granting summary judgment in favor of Dr. Julian Aviles when Howard established each element of a medical indifference claim; (3) granting summary judgment in favor of Officer Jacques Memnon[1] concerning the falsified disciplinary report claim, and in favor of Supervisor Michael Davis, Officer James Johns, and Lieutenant Joseph Allen concerning the due process claim related to their review of the disciplinary report; and (4) dismissing as frivolous his claim of excessive force against Dr. Cecilia Trivino, his claim of deliberate indifference against Lt. Newell, his claim of falsifying reports against Nurse Payne, and his claim of excessive force against Nurse Christine Green. After careful review, we affirm.

---

[1] We use the spelling of the defendants' names provided by the defendants, where applicable. We also note that for some defendants, the plaintiff did not provide first names.

2

We review <u>de novo</u> a district court's grant of a motion for summary judgment, viewing the evidence in the light most favorable to the nonmovant. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 871 (11th Cir. 1998). We review a district court's <u>sua sponte</u> dismissal based on frivolity under 28 U.S.C. § 1915A(b) for abuse of discretion. <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008).

First, we find no merit to Howard's claim that the district court erred in granting summary judgment in favor of Lieutenant Newell and Sergeant Crosby. Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law controls which facts are material and which are irrelevant. <u>Raney v. Vinson Guard Service, Inc.</u>, 120 F.3d 1192, 1196 (11th Cir. 1997). Typically, the nonmoving party may not rest upon only the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. <u>Eberhardt v. Waters</u>, 901 F.2d 1578, 1580 (11th Cir. 1990). A <u>pro se</u> plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. <u>See</u> <u>Murrell v. Bennett</u>, 615 F.2d 306, 310 n.5 (5th Cir. 1980).[2] Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed.R.Civ.P. 56 (c)(4). "[A]ffidavits based, in part, upon information and belief,

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).

As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. See Bennett v. Parker, 898 F.2d 1530, 1532-34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

4

In an excessive force case, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quotation omitted). In determining whether force was applied maliciously and sadistically to cause harm, courts consider the following factors: "a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response." Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). Courts examine the facts as reasonably perceived by the defendants on the basis of the facts known to them at the time. Id.

Here, the district court did not err in granting summary judgment in favor of Lt. Newell and Sgt. Crosby regarding Howard's claim of excessive use of force. The defendants presented evidence that force was applied in a good faith effort to maintain or restore discipline, and that the post-force exam showed that he received only a superficial abrasion on his back. Because Howard's accounting of the incident was blatantly contradicted by the record, so that no reasonable jury could have believed it, we cannot adopt that version of the facts for purposes of summary judgment. Scott, 550 U.S. at 380. Additionally, Howard's claim that no member of the extraction team alleged resistance is incorrect. Sgt. Crosby's report

5

stated that "Howard refused . . . orders to stop turning and twisting his upper torso" and that he continued resisting during the post-use-of-force physical.

We are also unpersuaded by Howard's claim that the district court erred in granting summary judgment in favor of Dr. Aviles. "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (quotation omitted). Under § 1983, liability attaches to a supervisor only if the supervisor personally participated in the events, or if there is a causal connection between the action of the supervising official and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

In this case, the district court did not err in granting summary judgment in favor of Dr. Aviles because there is no respondeat superior liability under § 1983. Belcher, 30 F.3d at 1396. The record reveals no evidence indicating that Dr. Aviles personally participated in the medical care provided to Howard, or that there was a causal connection between his actions and the alleged constitutional deprivation. Brown, 906 F.2d at 671.

Third, we reject Howard's claim that the district court erred granting summary judgment in favor of Officer Memnon, Supervisor Davis, Officer Johns, and Lieutenant Allen. The due process requirements in prison disciplinary proceedings include advance written notice of the charge, the opportunity to call

6

witnesses and present documentary evidence, and a written statement of the evidence and reasons for the disciplinary action.  Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).  In addition, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To claim qualified immunity, a defendant must first show he was performing a discretionary function.  Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005).  The burden then shifts to the plaintiff to show that: (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time of the violation.  Id.

Here, the district court did not err in granting summary judgment in favor of Officer Memnon, Supervisor Davis, Officer Johns, and Lt. Allen, because Howard received sufficient due process in connection with his disciplinary report.  Indeed, he does not dispute on appeal that he received advance written notice of the charge against him, he appeared at the hearing, and he was provided a written basis for the guilty finding.  Wolff, 418 U.S. at 563-66.  While Howard claimed that Officer Memnon falsified the report, Officer Hill corroborated Officer Memnon's report by attesting that he found a weapon in Howard's cell.  Moreover, it is notable that the disciplinary process ultimately worked in Howard's favor, as the report was

7

overturned due to a technical error.  As for Officer Johns and Lt. Allen, they were entitled to qualified immunity because there is no dispute they were performing a discretionary function in processing disciplinary infractions, and, as we've discussed above, Howard did not show that any defendant violated a constitutional right, much less a clearly established one.  Mercado, 407 F.3d at 1156.

We are also unconvinced by Howard's argument that the district court abused its discretion in dismissing as frivolous his excessive force claims against Dr. Trivino and Nurse Green, his deliberate indifference claim against Lt. Newell, and his falsifying reports claim against Nurse Payne.  A court must dismiss a claim at any time if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  At the same time, a court must hold a plaintiff's pro se allegations to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  "A claim is frivolous if it is without arguable merit either in law or fact," and if it appears that a plaintiff has little or no chance of success.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Bingham v. Thomas, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (holding that a frivolity determination was not an abuse of discretion where the allegations were bare or conclusory).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a

right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).

A court should give leave to amend freely "when justice so requires." Fed.R.Civ.P. 15(a). Even when the plaintiff did not seek leave to amend until after final judgment or when the plaintiff never sought leave to amend, where a more carefully drafted pleading might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc). If a more carefully drafted complaint could not state a claim, then dismissal is proper. Id. In Wagner, we said we did not decide the issue with respect to pro se parties. Id. at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se."). Leave to amend may not be appropriate for certain reasons, such as undue delay. McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999).

Here, the district court did not abuse its discretion in dismissing as frivolous the claims against Lt. Newell, Nurse Payne, Nurse Green, and Dr. Trivino for giving Howard a forced injection, nor do any factual statements in the complaint support a claim that all of the defendants violated Howard's rights to equal

9

protection and due process of law.  Among other things, Howard has failed to point to any clearly established law that any of the defendants have violated, which means that any claims he alleges would be barred by qualified immunity. Mercado, 407 F.3d at 1156.  Furthermore, it would be futile for Howard to try to amend, as the record reflected that the claims were clearly without merit, and there is no indication that a more carefully drafted pleading might have stated a claim.

**AFFIRMED.**